```
THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

                        CENTRAL DIVISION
```

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| CYPRUS FEDERAL CREDIT UNION, ) | Case No. 2:10CV00550 DS |
| Plaintiff, ) | |
| vs. ) | MEMORANDUM DECISION AND ORDER |
| CUMIS INSURANCE SOCIETY, INC., ) | |
| Defendant. ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I.  INTRODUCTION

Pursuant to Fed. R. Civ. P. 59(e), Plaintiff moves the Court to Amend Judgment. The Court construes Plaintiff's Motion as one more appropriately raised under Fed. R. Civ. P. 60. Plaintiff contends that the Court erred in several respects when it issued its decision on the parties' cross-motions for summary judgment.[1] Plaintiff states its position as follows.

> The Court ruled that 60 of 63 checks were subject to
> the missing endorsement exclusion of the credit union
> bond.  This Decision does not apply to other checks
> that were payable to and endorsed by Shawn Kirby.  This
> ruling does not apply to other bases for coverage.
>     Cyprus's faithful performance claim is not
> dependent on checks being deposited with a missing
> endorsement. The faithful performance claim involves

---

[1]On February 22, 2012, in a conference call with counsel the Court ruled on the motions pending, including cross-motions for summary judgment. *See* doc. #58. At the Courts request, counsel for CUMIS prepared a proposed order for the Court's signature. *See* doc. #59.

1

> the former employees depositing checks payable to non-natural persons to an account of Shawn Kirby.  These deposits violated the Cyprus policy requiring such checks to be deposited to an account owned by the non-natural person.  Fraudulent deposit coverage is not subject to the missing endorsement exclusion.  The breach of the covenant of good faith and fair dealing claims should likewise be pursued given that other claims of Cyprus remain outstanding.

Mem. Supp. at 1-2.

This dispute arises out of a Form 500 Credit Union Bond issued to Plaintiff Cyprus Federal Credit Union by Defendant CUMIS Insurance Society, Inc.  Cyprus filed Proofs of Loss under the Bond.  CUMIS denied coverage contending that none of the claims submitted are covered by the Bond.  This litigation followed and the parties filed cross-motions for summary judgment.

Cyprus's alleged losses stem from 63 checks that were deposited by Cyprus member Shawn Kirby.  Of the 63 checks, the Court ruled that 60 are excluded from coverage due to application of the Bond's missing endorsement exclusion.

Plaintiff now urges that the Court made 4 errors in its ruling on the cross-motions for summary judgment: (1)that seven checks written out to Shawn Kirby and endorsed by Shawn Kirby should have been included with the three checks that survived summary judgment; (2)that Plaintiff's faithful performance claim is supported by alternative bases; (3) that Plaintiff's fraudulent deposit and/or fraud on the premises claims are not

subject to the missing endorsement exclusion contained in the CUMIS Bond at issue; and, (4)that Plaintiff's breach of the covenant of good faith and fair dealing claims against CUMIS should remain.

## II.   DISCUSSION

### A. The Seven Checks

Plaintiff asserts that "in addition to the three checks stated to still be subject to coverage under the bond, an additional seven checks are the same as these three checks. [And] the missing endorsement ruling of the Court does not apply to these [seven] additional checks that do not have missing endorsements." Mem. Supp. at 6.  According to Cyprus these additional checks were written by Kirby on accounts at State Farm Bank and Citibank for which he did not have funds on deposit to cover the checks.  Plaintiff's position is that "[t]hese checks bore Shawn Kirby's signature and were written out to Shawn Kirby the same as the checks excluded from the court's Order. [And] the Order should be amended to leave at issue the additional seven checks in the total amount of $179,318.00." *Id.*

The Court agrees with CUMIS that six of the seven checks identified by Cyprus as 1027 State Farm, 1028 State Farm, 138 Citibank, 1031 State Farm, 1032 State Farm, and 1033 State Farm are not at issue in this case as they are not included in the 63 checks for which Plaintiff contends it suffered a loss.  *See*

3

Cyprus Mot. Summ. J., Mem. Supp. at 4, ¶ 22, and Ex. D attached thereto (listing checks at issue in this case). Although there is mention of those checks in the context of a "claim" in the Proof of Loss, and while Cyprus details an account of the checks in its summary judgment pleadings, there is no evidence in the pleadings that Cyprus suffered a direct loss from six of those checks. Most telling, however, is that those six checks are clearly not included in the list of checks identified by Cyprus as the "checks at issue in this case". *Id.*

The seventh check identified as 1034 State Farm is part of the case and identified as such. *See* Cyprus Motion for Summary Judgment, Ex. D. Check #59; *see also* CUMIS Motion for Summary Judgment at 9, n.3. However, because that check, which was drawn on State Farm Bank by Shawn Kirby payable to Cyprus Credit Union, but endorsed by Shawn Kirby, it is subject to the Bond's missing endorsement exclusion. As CUMIS notes, that check does not fall into the same "made payable to and endorsed by Kirby" category as the three checks still at issue.

**B.  Plaintiff's Faithful Performance Claim**

Bond Coverage "J Faithful Performance - Enhanced" provides payment for "loss resulting directly from a named 'employee's' failure to faithfully perform his/her trust." Def's Mot. Summ. J., Mem. Supp., Ex. J at 5.

Cyprus contends that there are "at least two separate and

additional bases for the faithful performance claim beyond any missing endorsement basis.  These bases` include the deposit of the checks payable to a non-natural person to an account not owned by or in the name of the non-natural person.  The faithful performance claim is also based on the employees failing to follow instructions on the account computer screens." Mem. Supp. at 6.

The Bond specifically excludes "[a]ny loss resulting directly or indirectly from your accepting for deposit or exchanging for cash an item which is missing an endorsement, except as may be covered under Employee Or Director Dishonesty Coverage."  Def's Mot. Summ. J., Mem Supp., Ex. J at 35.  The Court's view was, and is, that the missing endorsement exclusion is applicable to all claims, not just claims related to  false pretenses and fraudulent deposit coverage.

### C. Fraudulent Deposit and False Pretenses on the Premises Coverage.

Bond Coverage "B On Premises" provides payment for a "loss of 'covered property' resulting directly from 'theft' committed: a. by a person physically present on your 'premises' and b. while the 'covered property' is on you 'premises'".  *Id.*, Ex. J at 2.

Cyprus claims losses under this provision for "checks deposited with improper endorsement, losses from the fraudulent invoices and the deposits made from accounts with insufficient funds."  Cyprus Mot. Summ. J., Mem. Supp. at 7.  Cyprus urges

that because Kirby's actions took place on its premises and involved false pretenses, the Bond provides coverage.

The Bond excludes losses related to check cashing or deposits, unless the losses are covered under the fraudulent deposit coverage.[2] As CUMIS notes, "it does not matter if the checks were cashed or deposited; the 63 checks are not covered unless covered under the fraudulent deposit coverage." Mem. Opp'n at 7. The Court's view was, and is, that because of the Bond's "Check Cashing" and "Uncollected Funds" exclusions there is no coverage, except as may be covered under separate "Fraudulent Deposit" coverage and, therefore, there is no coverage under the "On Premises" provision of the bond.

Cyprus also asserts that the missing endorsement exclusion is not applicable because the alleged "fraudulent deposit" loss is "not solely based on a missing endorsement" but "based upon the overall actions of Mr. Kirby in bringing checks to [Cyprus],

---

[2] The Bond's "Check Cashing" exclusion states that the Bond does not cover "[a]ny loss resulting directly or indirectly from 'items of deposit,' or paper of any kind, that you exchange for cash which are returned ... or otherwise ultimately not paid, for any reason, including, but not limited to 'forgery' or any other fraud except as may be covered under a ... a Fraudulent Deposit Coverage." CUMIS Mot. Summ. J., Mem. Supp., Ex. J at 31. The "Uncollected Funds" exclusion states that the Bond does not cover "[a]ny loss resulting directly or indirectly from payments made or withdrawals from a depositor's account involving deposits or credits that ... are ultimately not paid, for any reason, including but not limited to 'forgery' or any other fraud except as may be covered under: (a)Fraudulent Deposit Coverage: ...." *Id.* at 38.

6

getting the [Cyprus] employees to give him credit for the checks and using the funds."  Mem. Supp. at 7.

As noted however, the Bond provides that CUMIS will not pay for "[a]ny loss resulting directly or indirectly from [Cyprus] accepting for deposit or exchanging for cash an item which is missing an endorsement, except as may be covered under Employee Or Director Dishonesty Coverage."  Def's Mem. Supp. Mot. Summ. J., Ex J at 35.  Because any loss resulted directly or indirectly from 63 checks and because 60 of the 63 checks were missing an endorsement, the Court correctly granted summary judgment to CUMIS on those 60 checks.  The Court agrees with CUMIS that it does not matter what alternative theories Cyprus urges, the checks at issue were missing endorsements and the loss is not covered.

    **D.  Good Faith and Fair Dealing Claim**

Finally, Cyprus contends that "[w]ith the seven additional checks not being subject to the missing endorsement claim and the other bases for the claim, the cause of action for breach of the covenant of good faith and fair dealing should not be dismissed."  Mem. Supp. at 8.

Plaintiff's argument fails because six of the seven checks, as noted earlier, are not at issue.  The seventh check, as discussed, is subject to the Bond's missing endorsement exclusion.

However, it was, and is the Court's view that the claim remains presently viable as to the three checks that remain at issue.  In Count IV of the Complaint, Cyprus urges that CUMIS is responsible for damages for its alleged breach of the covenant of good faith and fair dealing.  In Count V Cyprus urges that coverage should apply because of CUMIS' breach of the covenant regardless of whether the express terms of the Bond provide coverage.  Cyprus's position is that CUMIS breached its duty by denying Cyprus's claim without conducting a reasonable investigation and by failing to offer a reasonable and timely settlement.  Cyprus urges that Utah Insurance Department regulations with respect to fair claims practices (Utah Admin. Code 590-1902-2), while not creating a private right of action, are factors to be considered in a claim of breach of the covenant of good faith and fair dealing by an insurer.  *Machan v. UNUM Life Ins. Co. Of Am.*, 116 P.3d 342 (Utah 2005)(citation omitted) ("in the insurance policy context, the implied covenant of good faith and fair dealing, which inheres in all contracts, 'contemplates, at the very least, that the insurer will diligently investigate the facts to enable it to determine whether a claim is valid, will fairly evaluate the claim, and will thereafter act promptly and reasonably in rejecting or settling the claim.'")

   CUMIS's position is that Cyprus cannot prevail on either

claim because the "fairly debatable" standard is used in Utah when determining the insurer's good faith, and it acted reasonably in evaluating Cyprus' claim. *See Billings v. Union Bankers Ins. Co.,* 918 P.2d 461, 465 (Utah 1996)("when an insured's claim is fairly debatable, the insurer is entitled to debate it and cannot be held to have breached the implied covenant if it chooses to do so").  CUMIS urges that it is "fairly debatable" that it fairly evaluated the claim and promptly, reasonably, and repeatedly acted in denying the claim. CUMIS notes that Cyprus's claims, which originally dealt with over 100 checks, have changed since the claims were originally filed and denied.

"[W]hether an insurer has acted reasonably is an objective question to be determined without considering the insurer's subjective state of mind."  *Id*.   As to 60 of the 63 checks, there is no material factual issue as to whether the matter was fairly debatable.  Regarding the 3 checks that remain at issue, the Court's view was, and is, that Plaintiff's good faith and fair dealing claim remains viable as to those 3 checks.  As marshaled by the parties, the facts relevant to this issue are inconclusive.

9

### III. CONCLUSION

For the forgoing reasons, as well as generally for those set forth by CUMIS in its responsive pleading, the Motion to Amend Judgement (Doc. #60) of Cyprus is denied.

IT IS SO ORDERED.

DATED this 30th day of May, 2012.

BY THE COURT:

*/s/ David Sam*

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT