THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| CYPRUS FEDERAL CREDIT UNION, ) | Case No. 2:10CV00550-DS | |
| Plaintiff, ) | | |
| vs. ) | MEMORANDUM DECISION AND ORDER | |
| CUMIS INSURANCE SOCIETY, INC., ) | | |
| Defendant. ) | | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I. INTRODUCTION

Plaintiff Cyprus Federal Credit Union ("Cyprus") moves the Court for Judgment as a Matter of Law, or alternatively, for a New Trial. For the reasons that follow, the Motion (Doc. #134) is denied.

The full history of this matter is set forth in the many pleadings filed and will not be repeated here. A jury trial was held on October 8, 2014 to October 10, 2014. Cyprus made a motion for judgment as a matter of law on October 10, 2014, at the close of the evidence. That motion was denied and the case submitted to the jury. A jury verdict was returned in favor of CUMIS Insurance Society, Inc. ("CUMIS").

1

## II.  DISCUSSION

### A.  Special Verdict[1]

Cyprus contends that question 1 of the Special Verdict, related to the contractual period of limitations, "should not have been allowed because it misrepresents the applicable law." Mot. at 5.

**1.  contractual limitations period**

As a preliminary matter, CUMIS asserts that Cyprus waived any objection to the use of the verdict form question because it "failed to object to the question after the discussion in Chambers on October 9, 2014, during which the jury instructions and special verdict form were finalized", and because "Cyprus failed to make any motion concerning the jury verdict form, including an initial motion under Rule 50." Mem. Opp'n at 2.  *See also Id.*, Ex. 1, Ex. 2. Without citation to authority, Cyprus responds, in part, that "[t]he rules do not allow for judgment as a matter of law with respect to a special verdict form."  Reply Mem. at 2.

If accurate, Cyprus' response begs the question why it raises that very issue in its present motion for judgment as a matter of law.  In any event, the Court agrees with CUMIS that because Cyprus failed to include any special verdict issue in its Rule 50 motion for judgment as a matter of law at the close of evidence, it is precluded from

---

[1]Question 1 of the Special Verdict Form asked:

1. When did Cyprus discover the loss?
_____ before June 1, 2007.  (If checked, please stop your deliberations, have your foreperson sign the verdict form and advise the Court Clerk.)
_____ before October 31, 2007.  (If checked, please move on to question #2.)
_____ on or before February 7, 2008.  (If checked, please move on to question #3.)

doing so in its present motion.[2]

Even assuming there was no waiver by Cyprus, its arguments with respect to the contractual period of limitations fail. Cyprus first asserts that question 1 of the Special Verdict Form and CUMIS's argument to the jury misstates the law related to the applicable limitations period. It's position is that because "[a]n insurance policy may not ... limit the time for beginning an action on the policy to a time less than that authorized by statute"[3], the minimum statute of limitations permitted on a first party insurance claim is "three years after the inception of the loss"[4]. Cyprus contends that because the Bond's contractual limitations period is three years after discovery of loss, it improperly shortens the time authorized by statute. Cyprus urges this is so because the inception of loss was the point in time when CUMIS denied Cyprus' claim.

Cyprus' position, that the Bond's contractual limitations period of three years after discovery of loss does not apply because it improperly shortens the time authorized by statute, has been previous rejected by the Court and it is again rejected for the reasons previously stated. Because inception of loss begins the moment that the loss was incurred or began to accrue, a three-year contractual period of limitations

---

[2] *See, e.g., Brillhart v. Philips Electronics North America Corp.*, 179 F.3d 1271, 1275 (10th Cir. 1999) (failure to move for judgment as a matter of law at the close of evidence forecloses such a motion post-trial); *Okland Oil Co. v. Knight*, 92 Fed. Appx. 589, 598 (10th Cir. 2003)("issues not raised in an initial Rule 50(a) motion may not be asserted in a subsequent post-trial motion for judgment as a matter of law under Rule 50(b)").

[3] Utah Code Ann. § 31A-21-313(3)(a).

[4] Utah Code Ann. § 31A-21-313(1).

that begins upon discovery of the loss does not shorten the statutory minimum period providing that no limitations period can be less than three years after the inception of the loss.  *See* Memorandum Decision and Order at 3-4 (and authorities cited therein) ( Doc. #85) .

The Court also rejects Cyprus' similar argument relating to Utah Code Ann § 31A-21-313(4)[5].  After discussing how that statute establishes further limitations on bringing a first party insurance claim, Cyprus urges that because Utah Code Ann § 31A-21-314 provides that an insurance policy may not contain any provision limiting the right of action against the insurer to less than three years from the date the cause of action accrues, and because "[a]s a general rule a cause of action accrues when a plaintiff could have first filed and prosecuted an action to successful completion"[6], the contractual limitation period of three years from discovery of loss impermissibly reduces the limitations period to less than the date the cause of action accrues.   Cyprus contends that these statutes and relevant case law "make clear [that the] applicable time frame is 3 years from when the cause of action accrues."  Mot. at 10.

The Court agrees with CUMIS that Cyprus ignores the link between "inception of

---

[5]The relevant portions of that statute require an insured to wait to file suit until the earlier of  60 days after proof of loss has been furnished, or denial of full payment. Cyprus contends that under § 31A-21-313(4)(a) the statute of limitations begins to run from proof of loss and not from discovery of loss.   Cyprus states that because it provided proof of loss in August 2008, its cause of action did not accrue until September 30, 2008, after which it had until September 30, 2011 to file suit.

[6]*State  v. Huntington-Cleveland Irrigation Co.*, 52 P.3d 1257, 1262 (Utah 2002)(quoting *DOIT, Inc. v. Touch, Ross & Co.*, 926 P.2d 835, 843 (Utah 1996)(internal quotation marks omitted).

4

loss" and "accrual".  *See* Memorandum Decision and Order at 3-4 (and authorities cited therein)  ( Doc. #85) .  The Court further agrees with CUMIS that Cyprus' "delay in providing notice and a proof of loss to CUMIS does not render the contractual period of limitations null or the statute requiring Cyprus to file its lawsuit within three years of inception of the loss obsolete."   Mem. Opp'n at 6.

> Indeed, if Cyprus's interpretation that "accrual" and "inception" meant different things and triggered different timelines, Utah Code Ann § 31A-21-313, which **requires** Cyprus to file its lawsuit within three years of the "inception of the loss," would directly conflict with Utah Code Ann. § 31A-21-314, which says an insured's right of action **cannot  be limited** to "less than three years from the date the cause of action accrues." Courts presume that legislatures actually pass laws that make sense and avoid absurd results and, so, Cyprus's nonsensical interpretation fails.  *See, e.g. Griffin v. Ocianic Contractors*, 458 U.S. 564, 575 (1982)(citations omitted).

*Id.* (emphasis in original).

### B.  Prejudice

Cyprus also asserts that it is entitled to judgment as a matter of law with respect to the late notice defense because CUMIS failed to present any evidence regarding prejudice.  *See* Utah Code Ann. § 31A-21-312(2) ( "Failure to give notice or file a proof of loss as required by (1)(b) does not bar recovery under the policy if the insurer fails to show it was prejudiced by the failure").

The Court, agrees with CUMIS that because the jury did not reach the issue of prejudice, Cyprus' position is moot.  *See* Verdict Form at 2 (Doc. #129).  And contrary to Cyprus' position, that "the issue of prejudice should have been decided by the Court when properly raised by Cyprus in its oral motion after the close of evidence", the Court ruled that CUMIS had elicited evidence from Cyprus' witnesses on the issue of whether

5

it was prejudiced. *See* Mem. Opp'n, Ex. 1 at 5-6. Moreover, the Court previously rejected Cyprus' argument when it denied Cyprus' motion in limine (Doc. #102). See (Doc. #121) (order denying motion).

Cyprus' final position that CUMIS was required to have an expert testify about the standard necessary to show prejudice or discovery of loss is also rejected. As CUMIS notes,

> Cyprus' own witnesses provided testimony from which the jury could conclude that those witnesses and, therefore, Cyprus "bec[a]me aware of facts which would cause a reasonable person to assume that a loss of a type covered under this Bond has been or will be incurred, regardless of when the act or acts causing or contributing to such loss occurred. The exact amount of details of loss may not be known at the time of discovery."

Mem. Opp'n at 7 (citing Mot. at 12-13 (quoting CUMIS Bond)). Under the facts presented, an expert was not required to determine how a reasonable person would act.

### III.  CONCLUSION

For the reasons stated, as well as generally for the reasons set forth by CUMIS in its opposing pleading, Cyprus' Motion for Judgment as a Matter of Law or Alternatively for a New Trial (Doc. #134) is Denied.

IT IS SO ORDERED.

DATED this 11th day of February, 2015.

BY THE COURT:

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT

6